UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| STREAMBEND PROPERTIES, LLC, | Civil No. 09-2102 (JRT/AJB) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| THE CARLYLE CONDOS, LLC; and OPUS NORTHWEST, LLC, | |
| Defendants. | |

Jonathan L. R. Drewes, **DREWES LAW, PLLC**, 1516 West Lake Street, Suite 300, Minneapolis, MN 55408, for plaintiff.

Stephen E. Yoch, Marnie E. Fearon, and Jonathan L. Farnsworth, **FELHABER, LARSON, FENLON & VOGT, P.A.**, 444 Cedar Street, Suite 2100, St. Paul, MN 55101, for defendants.

Plaintiff Streambend Properties, LLC's ("Streambend") have objected to the Report and Recommendation ("R&R") issued by United States Magistrate Judge Arthur J. Boylan on April 18, 2011 (Docket No. 56). Additionally, defendants Carlyle Condos, LLC and Opus Northwest, LLC ("Carlyle") have moved to dismiss Streambend's Interstate Land Sales Disclosure Act ("ILSDA") claim, arguing that the failure of this claim strips this Court of jurisdiction over all remaining claims. Because the amended complaint adequately alleges the interstate commerce element of ILSDA, the Court denies the defendants' motion to dismiss. Further, after a *de novo* review of those portions of the R&R to which Streambend objects, the Court rejects in part and adopts in part the R&R. The Court rejects the R&R to the extent that it finds there is no

question of material fact as to unclean hands on the part of Streambend, precluding it from seeking equitable relief. The Court adopts the R&R in all other respects.

## BACKGROUND[1]

The parties to these motions entered into a purchase agreement whereby Jerald Hammann, owner of Streambend, agreed to buy a condominium ("Unit 2904") from Carlyle in downtown Minneapolis, Minnesota. (Am. Compl. ¶ 14, Docket No. 101.) Unit 2904 was to be built in conformance with the "Lewis Style" of the project, and the purchase agreement noted that the square footage was approximate. (Purchase Agreement, Compl., Ex. A of Ex. 1, Docket No. 1.) Streambend paid $30,758 in earnest money and upgrade deposits, which were held in escrow pending the completion of closing on the unit. (*Id.* Ex. 1 ¶ 20A; Am. Compl. ¶ 15, Docket No. 101.) A dispute arose regarding whether Unit 2904 conformed to the advertised dimensions, in both square footage and window opening dimensions, among other disagreements. As a result, the parties never closed on the property, and Streambend filed this instant action alleging violations of: the Minnesota Common Interest Ownership Act ("MCIOA"), Minn. Stat. § 515B; Minnesota Statute § 513.52-.60; Minnesota Statute § 559.217(2) regarding cancellation of a purchase agreement; and ILSDA, 15 U.S.C. §§ 1701-1715. The amended complaint also alleges wrongful cancellation, fraud, breach of contract, and unjust enrichment. Streambend seeks return of its earnest money and upgrade fees and

---

[1] For the purposes of this Order, the Court assumes familiarity with the facts of the case. A full recitation of the facts can be found in the Magistrate Judge's R&R. (Docket No. 100.)

the difference in value between the contracted-for unit and the purchase price. (Am. Compl. at 20, Docket No. 101.)

Streambend moved for partial summary judgment on the following claims: MCIOA, wrongful cancellation, ILSDA, unjust enrichment, and Minnesota Statute § 559.217(2). The motion was referred to the Magistrate Judge, who recommended denying the motion and dismissing the MCIOA, wrongful cancellation, unjust enrichment, and Minnesota Statute § 559.217(2) claims with prejudice. (Docket No. 100.)

Streambend filed timely objections to the R&R. Meanwhile, on May 20, 2011, Carlyle filed a motion to dismiss the ILSDA claims for failure to plead the essential element of use of interstate commerce. Carlyle claims that, because the ILSDA claim fails, this court has lost subject-matter jurisdiction and the remaining counts in Streambend's complaint should be dismissed.

## ANALYSIS

### I.     STANDARD OF REVIEW FOR A MOTION TO DISMISS

Reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true, and construes the pleadings in a light most favorable to the non-moving party. *See, e.g.*, *Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). To survive a motion to dismiss, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . .'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007)).  That is, to avoid dismissal, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility," and therefore must be dismissed.  *Id.* (internal quotation marks omitted).  At the motion to dismiss stage, the record for review before the Court is generally limited to the complaint, some matters that are part of the public record, and any documents attached as exhibits that are necessarily embraced by the complaint.  *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

## II.   INTERSTATE COMMERCE ELEMENT OF AN ILSDA CLAIM

ILSDA is "an antifraud statute utilizing disclosure as its primary tool," intended to "protect purchasers from unscrupulous sales of undeveloped home sites." *Winter v. Hollingsworth Props.*, 777 F.2d 1444, 1447 (11th Cir. 1985); 15 U.S.C. §§ 1701-1715.  "[ILSDA] makes it unlawful for a developer to sell or lease any lot in interstate commerce unless a printed property report, meeting certain requirements, has been furnished before the signing of a contract." *Degirmenci v. Sapphire-Fort Lauderdale, LLLP*, 642 F. Supp. 2d 1344, 1348 (S.D. Fla. 2009) (citing 15 U.S.C. § 1703(a)(1)(B)).  A developer violates ILSDA and may be liable if it

> employ[s] any device, scheme, or artifice to defraud . . . to obtain money or property by means of any untrue statement of a material fact,

>or any omission to state a material fact necessary in order to make the statements made (in light of the circumstances in which they were made and within the context of the overall offer and sale or lease) not misleading, with respect to any information pertinent to the lot or subdivision . . . .

15 U.S.C. § 1703(a)(2)(A-B). The statute also requires that such a developer "make[s] use of any means or instruments of transportation or communication in interstate commerce, or of the mails . . . ." *Id.* § 1703(a).

Carlyle asserts that Streambend's complaint only tracks the statutory language, which is insufficient to meet the pleading requirements of *Iqbal*. *See* 129 S. Ct. at 1949. However, the Court notes that use of the mail in the series of transactions that encompass the complaint was specifically pled. (Am. Compl. ¶ 45, Docket No. 101 ("Carlyle's Cancellation was mailed to Streambend on August 13, 2007, by certified U.S. Mail.").) Alternatively, because the interstate commerce elements of the pleading are the same in the initial complaint and the amended complaint, Carlyle has not advanced a good faith reason for this Court to find its motion to dismiss is not untimely, pursuant to the amended pretrial scheduling order that set a deadline for dispositive motions of February 15, 2011. (*See* Docket No. 69); *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006) ("The primary measure of good cause [to alter a scheduling order] is the movant's diligence in attempting to meet the order's requirements.").) As a result, the Court denies Carlyle's motion to dismiss and finds this Court continues to have supplemental jurisdiction over Streambend's state law claims.

### III. OBJECTIONS TO THE R&R

Streambend raises several objections to the R&R, disputing the Magistrate Judge's recommendation to deny summary judgment and dismiss the MCIOA, wrongful cancellation, unjust enrichment, and violation of Minnesota Statute § 559.217 claims. Streambend objects that the dismissal recommended was beyond the scope of the Magistrate's Judge's referral authority. Further, it argues that the Magistrate Judge erred in finding Streambend's cancellation of the contract altered the legal effect of Carlyle's previous cancellation, in applying an affirmative defense of election of remedies since it was not adequately pled, in finding Streambend was not a "purchaser" under MCIOA and therefore eligible for its protections, and in finding unclean hands sufficient to defeat its claim for unjust enrichment. The Court reviews these objections *de novo*. 28 U.S.C. § 636(b)(1)(C); D. Minn. L. R. 72.2(b).

### IV. SCOPE OF THE REFERRAL

Streambend argues that the Magistrate Judge does not have the authority to recommend dismissal of its claims because the referral was a motion for summary judgment brought by Streambend. However, a court may sua sponte grant summary judgment provided the losing party has notice and an opportunity to respond. *Geospan Corp. v. Pictometry Int'l Corp.*, No. 08-816, 2011 WL 1261583, at *7 (D. Minn. Mar. 31, 2011) (citing *Global Petromarine v. G.T. Sales & Mfg., Inc.*, 577 F.3d 839, 843 (8th Cir. 2009)); *see also Burlington N. R.R. Co. v. Omaha Pub. Power Dist.*, 888 F.2d 1228, 1231 n.3 (8th Cir. 1989) ("We summarily reject [the] assertion that the district court erred by

entering judgment in favor of [the party that] had not filed a motion for summary judgment. It is within the court's power to grant summary judgment sua sponte against the moving party, lacking a cross-motion, where the party against whom the judgment is entered has had a full and fair opportunity to contest that there are no genuine issues of material fact to be tried and the party granted judgment is entitled to it as a matter of law."). Further, the Magistrate Judge is empowered to recommend any disposition to the district court that is within the district court's power to grant. *See* 28 U.S.C. § 636(b)(1)(B); D. Minn. L.R. 72.1(b). Streambend had notice of Carlyle's position that its claims failed as a matter of law. (*See, e.g.*, Mem. in Opp'n at 14, Docket No. 70 ("Thus, not only is Streambend not entitled to summary judgment, but its claims fail as a matter of law.").) Therefore, the Magistrate Judge did not overstep his authority by recommending dismissal, and the objection is overruled.

V.     **EFFECT OF CROSS-CANCELLATION**

Streambend objects that the Magistrate Judge erred in determining "the Purchase Agreement was cancelled by cross cancellation . . . ." (R&R at 25, Docket No. 100.) Streambend argues that the purchase agreement is still in effect since neither party's cancellation was effectuated by notification of the escrow agent. *See* Minn. Stat. § 559.217, subd. 3(a) (requiring notice also be given to the "third party holding earnest money under the purchase agreement" to initiate cancellation). However, the statute also states:

> If either a seller or purchaser initiates a cancellation proceeding under this section **and before completion of the proceeding** the other party to the

> purchase agreement initiates a cancellation proceeding under this section . . . the purchase agreement is deemed canceled as of the date the second cancellation notice is served upon the other party to the purchase agreement under this section. Either party may later pursue legal remedies at law to recover the earnest money.

*Id.*, subd. 2.

While notification of the escrow agent would have been necessary to initiate a one-sided cancellation, *id.*, subd. 3(a), it was not necessary for a cross cancellation. Therefore, the Magistrate Judge correctly determined completion of either cancellation was not necessary because cross cancellation permissibly occurred before completion of either cancellation. As a result, the Court overrules the objection.

## VI. ELECTION OF REMEDIES

Streambend argues the Magistrate Judge erred in construing Carlyle's answer to have asserted the affirmative defense of election of remedies. "The election of remedies doctrine is a harsh doctrine not favored in jurisprudence and not to be unduly extended." *Quinn v. DiGiulian*, 739 F.2d 637, 644 (D.C. Cir. 1984) (quotation marks omitted). However, the Eighth Circuit has considered the real estate statutes at issue in this action and determined that "once statutory notice has been served and cancellation effected, all rights under the contract are terminated . . . . [S]tatutory notice of cancellation . . . constitutes an election . . . of rights . . . ." *Zirinsky v. Sheehan*, 413 F.2d 481, 484-85 (8th Cir. 1969) (considering Minn. Stat. § 559.21). Therefore, election of remedies is not "unduly extended" to the instant action, if adequately pled.

Carlyle asserted both waiver and mootness as affirmative defenses in its answer. (Answer ¶ 64, Docket No. 3.) Election of remedies can be the basis for a finding of mootness. *See Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 341 (5th Cir. 2008) ("Because we conclude that the election of remedies theory applies in this case, the issue . . . is moot."). Election of remedies can also be the basis for a finding of waiver. *See Haphey v. Linn Cnty.*, 924 F.2d 1512, 1518 (9th Cir. 1991) ("[T]he concept of waiver is a primary theoretical justification for the doctrine of election of remedies."). Further, Carlyle has argued the defense in its response to each motion for summary judgment. (Mem. in Opp'n at 13-14, Docket No. 31; Mem. in Opp'n at 4-5, Docket No. 70.) As a result, the Court finds that the Magistrate Judge did not err in finding election of remedies was applicable to the facts of this case, sufficiently pled, and argued so as to not prejudice Streambend. The Court overrules the objection.

## VII. PURCHASER STATUS UNDER THE MCIOA

Streambend objects that the Magistrate Judge determined relief under the MCIOA was unavailable to it as a result of its cancellation of the contract. Streambend claims because it once was a "purchaser" as defined by the MCIOA, Minn. Stat. § 515B.1-103(28), it retains that status in the instant litigation, hence the prescribed remedies of the MCIOA remain available to it. However, having determined that the Magistrate Judge correctly found the election of remedies applicable to the real estate transaction at issue, the Court finds that the effect of Streambend's cancellation of the contract was a cancellation of the purchase agreement. This cancellation divested Streambend of a

"legal or equitable interest" in Unit 2904, as required under the MCIOA. *See* Minn. Stat. § 515B.1-103 ("'Purchaser' means a person . . . who by means of a voluntary transfer **acquires** a legal or equitable interest" in property." (emphasis added)); *see Peterson v. Siebrecht*, 247 N.W. 6, 7 (Minn. 1933) ("[Plaintiff's] interest in the property was divested by the cancellation of the contract [for deed]."). Therefore, the Magistrate Judge correctly determined Streambend is not a "purchaser" under the MCIOA sufficient for its protections. The Court overrules the objection.

## VIII. UNCLEAN HANDS

The Magistrate Judge recommends that the Court dismiss Streambend's unjust enrichment claim on the basis of unclean hands. Unjust enrichment is an equitable remedy, and one who seeks a claim in equity must "come with clean hands." *Hruska v. Chandler Assoc., Inc.*, 372 N.W.2d 709, 715 (Minn. 1985) (citing *Johnson v. Freberg*, 228 N.W. 159, 160 (Minn. 1929)). As a result, one "may be denied relief where his conduct has been unconscionable by reason of a bad motive, or where the result induced by his conduct will be unconscionable either in the benefit to himself or the injury to others." *Freberg*, 228 N.W. at 160. The Magistrate Judge recommends the Court find equitable relief is unavailable to Streambend because it listed Unit 2904 for sale on the Multiple Listing Service ("MLS") during the time of the dispute with Carlyle, replicating the erroneous dimensions and other facts that caused Streambend to cancel the purchase agreement.

However, evidence in the record also shows that during the time period when Streambend and Carlyle first discussed the discrepancies, Streambend lowered the price of the unit and then let the MLS listing expire. Further, Carlyle has not pointed to any third party reliance caused by the listing. While the Magistrate Judge stated that reliance was not required, the Court notes that "[t]he weight of authority requires reliance on misrepresentations before they are cognizable as an equitable defense." *Fred O. Watson Co. v. U.S. Life Ins. Co.*, 258 N.W.2d 776, 778 (Minn. 1977). A finding of unclean hands is considered an extreme sanction. *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 538 F.2d 180, 195 (8th Cir. 1976). Since questions of material fact remain as to the motives of Streambend regarding the MLS listing, and any potential reliance it may have induced, the Court sustains the objection to the dismissal of this claim. As a result, the Court rejects this portion of the R&R.

In sum, the Court denies the motion to dismiss the ILSDA claim and rejects the R&R to the extent is recommends dismissal of the unjust enrichment claim. The Court overrules all other objections and adopts the remainder of the R&R.

This case will be placed on the Court's next available trial calendar

**ORDER**

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants Carlyle Condos, LLC's and Opus Northwest, LLC's Motion to Dismiss/General [Docket No. 108] is **DENIED**.

2. The Court **OVERRULES in part** and **SUSTAINS in part** Streambend Properties, LLC's objections [Docket No. 102] and **ADOPTS in part** and **REJECTS in part** the Report and Recommendation of the Magistrate Judge [Docket No. 100] as follows:

    a. Plaintiff's Partial Motion for Summary Judgment [Docket No. 62] is **GRANTED in part** and **DENIED in part.**

        1) The motion is **granted** as to Counts I (MCIOA), II (Wrongful cancellation), and VIII (Minn. Stat. § 559.217). Those counts are **DISMISSED with prejudice.**

        2) The motion is **denied** as to Count VII (unjust enrichment).

DATED: September 29, 2011  
at Minneapolis, Minnesota.

                                                        s/ John R. Tunheim  
                                                        JOHN R. TUNHEIM  
                                                      United States District Judge